UNITED STATES DISTRICT COURT                     O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN FRANCISCO SIAS JR. | § | |
| | § | |
| **Plaintiff** | § | |
| VS. | § | CIVIL ACTION NO. L-09-19 |
| | § | CRIMINAL ACTION NO. L-08-92-1 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM AND ORDER

Pending before the Court is Juan Francisco Sias Jr.'s ("Sias") Motion to Vacate, Set

Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Dkt. No.

1].[1] After a review of the motion and applicable law, Sias's motion is **DENIED**.

I.    BACKGROUND

A.    Facts and Procedural History

On February 28, 2006, Sias was indicted by a grand jury in Laredo, Texas in Criminal

Case Number L:06-cr-341-1 of unlawfully transporting an alien within the United States for the

purposes of commercial advantage or private financial gain, in violation of Title 8, United States

Code, Section 1324 and Title 18, United States Code Section 2. [L:06-cr-341-1, Cr. Dkt. No. 7].

On April 5, 2006, Sias entered a plea of guilty before Magistrate Judge Adriana Arce-Flores

("the Magistrate Judge") as to Count One. [Minute Entry of 4/05/2006]. Thereafter, this Court

sentenced Sias to a term of seventeen (17) months imprisonment, in addition to three (3) years of

supervised release. [L:06-cr-341-1 Minute Entry of 7/27/2006, Cr. Dkt. No. 22]. On May 3,

2007, Sias was released from custody. [Presentence Investigation Report ("PSR") ¶ 36].

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:09-cv-19. Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:08-cr-92-1.

On January 23, 2008—while on supervised release—Sias was indicted by a grand jury in Laredo, Texas of unlawfully transporting an alien for the purposes of commercial advantage or private financial gain within the United States by means of a motor vehicle, in violation of Title 8, United States Code, Section 1324 and Title 18, United States Code, Section 2.  [Cr. Dkt. No. 11].  On March 12, 2008, Sias entered into a plea agreement with the United States, which contained the following provisions:

> 10.     In exchange for the concessions made by the Government in this agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his/her guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever.  **Such waiver expressly includes, and Defendant expressly agrees not to file, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to any statute, law, procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C., § 3742 and Title 28, U.S.C., § 2255.**

> In waiving those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  Understanding this, Defendant agrees to waive the right to "collaterally attack" his/her conviction and/or sentence in any manner whatsoever, including Title 28, U.S.C. § 2255.  Defendant is also aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed and/or the manner in which such sentence was determined.  Understanding this, Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds whatsoever, including, without limitation, those set forth in Title 18 U.S.C. § 3742.**

[Cr. Dkt. No. 19 ¶ 10 (emphasis in original)].  Sias and his counsel signed the plea agreement. [*Id*. at 7].

At re-arraignment on March 12, 2008, United States Magistrate Judge Adriana Arce-Flores placed Sias under oath and advised him of the rights and implications surrounding his guilty plea.  *See* Fed. R. Crim. P. 11(b)(1).  [Digital Recording of March 12, 2008 Re-arraignment ("R. Rec.") at 9:57 a.m.].  Addressing Sias personally, Judge Arce-Flores explained that he was charged with transporting an illegal alien for purposes of private financial gain in the

United States with the use of a vehicle. [*Id*. at 10:01 a.m.]. Sias acknowledged that he understood this charge. [*Id*. at 10:02 a.m.]. The government then stated that Sias faced a maximum term of imprisonment of ten (10) years. [*Id*. at 10:06 a.m.]. Judge Arce-Flores reiterated that the charge to which Sias was pleading guilty carried a maximum sentence of ten (10) years, then asked Sias if he understood what had been explained to him. Sias replied, "yes." [*Id*. at 10:07 a.m.]. Judge Arce-Flores then asked Sias whether he reviewed and signed his plea agreement. [*Id*. at 10:08 a.m.]. Sias replied affirmatively. [*Id*.]. Next, Judge Arce-Flores explained that, under the terms of the plea agreement, in exchange for his plea of guilty, the Government would recommend an additional one level reduction in his guideline range for waiver of appeal. [*Id*. at 10:09 a.m.]. She also explained that the plea agreement was a recommendation and not binding on the sentencing court. [*Id*. at 10:09 a.m.]. Thereafter, Judge Arce-Flores asked Sias whether he understood that he was waiving his right to appeal. [*Id*. at 10:10 a.m.]. After Sias replied affirmatively, Judge Arce-Flores proceeded to admonish Sias as to his trial rights. [*Id*.]. Sias subsequently confirmed that he understood that he waived his right to appeal and nevertheless wished to proceed with his plea of guilty. [*Id*. at 10:11 a.m.]. Thereafter, the Government recited the facts relevant to Sias's case. [*Id*. at 10:20 a.m.]. Sias represented that there were no corrections to the facts recited. [*Id*. at 10:22 a.m.]. Sias pled guilty. [*Id*. at 10:23 a.m.]. The Magistrate Judge then accepted Sias's plea of guilty. [*Id*.].

On June 2, 2008, Sias appeared before this Court for sentencing and for a revocation hearing in case number 5:06-cr-341. [Minute Entry of 6/2/2008]. The Court sentenced Sias to fifty-five (55) months of imprisonment on criminal case number 5:08-cr-92-1. The Court also revoked Sias's term of supervised release in case number 5:06-cr-341 and sentenced him to fifteen (15) months of imprisonment to be served consecutively, for a total of seventy (70)

months of imprisonment.   [*Id*.].   In addition, the Court sentenced Sias to three (3) years of supervised release, participation in a drug and/or alcohol treatment program, one-hundred (100) hours of community service, and an assessment fee.   [Cr. Dkt. No. 27].   Judgment was thereafter entered on June 5, 2008.   [*Id*.].   Sias did not file a notice of appeal.

### B.      The Pending Motion

On February 17, 2009, Sias filed the pending motion, alleging that he received ineffective assistance of counsel on several grounds.   [Dkt. No. 1].   First, Sias asserts that counsel was deficient for failing to advise him that he could challenge the search and seizure that led to his arrest, and that, had he been otherwise informed, he would not have pled guilty.   Second, Sias alleges that his counsel was deficient for failing to tell him about a "confidential sentencing recommendation," and that such failure affected the validity of his plea.   [*Id*. at 5].   Third, Sias alleges that counsel misled him to believe that, if he proceeded to trial, he faced a maximum of 120 months imprisonment.   For this reason, Sias contends that his guilty plea was unlawfully induced and not made intelligently and voluntarily.   [*Id*. at 6].   Fourth, Sias contends that because counsel induced him to agree to the revocation of his supervised release "that he would not have done because he did not bring any aliens or harbor any aliens into the United States and for that reason he did not violate his supervised release conditions."   [*Id*. at 7].   Moreover, aside from his ineffective assistance of counsel claims, Sias contends that he was denied due process and that his "guilty plea was unlawfully induced and not made intelligently and voluntarily" because "the trial judge did not advise [him] of the nature and consequences of his plea, specifically averring that "she did not tell me that I was facing a maximum sentence of 60 months."   [*Id*. at 6].   Finally, Sias asserts, without further elaboration, that "[f]acts were not developed."   [*Id*.].

## II.    DISCUSSION

### A.    Standard Governing Claims under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).  Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255, PROC. R. 4(b).

### B.    Waiver of Appeal and Right to Mount Collateral Attacks

#### 1.    Whether Sias waived his right to collaterally attack his conviction

While Sias has alleged several wrongs affecting his constitutional rights, the Court must first determine whether the waiver of his right to attack his conviction and sentence preempts discussion of such allegations.  A defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary.  *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.")); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261,

269 (5th Cir. 1997).  If the plea or waiver itself was knowing and voluntary, "the guilty plea sustains the conviction and sentence and the waiver can be enforced."  *White*, 307 F.3d at 343-44.  The Fifth Circuit conducts a two-step inquiry to determine whether an appeal-waiver provision in a plea agreement bars appeal: (1) "whether the waiver was knowing and voluntary"; and (2) "whether the waiver applies to the circumstances at hand, based upon the plain language of the agreement."  *Bond*, 414 F.3d at 544.  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D.Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court.").  A defendant may circumvent a waiver of appeal and claim ineffective assistance of counsel only if he alleges that counsel's ineffective assistance directly affected the validity of that waiver or the plea itself.  *White*, 307 F.3d at 343.

Here, despite Sias's allegations to the contrary, a careful review of the record reveals no evidence that Sias's waiver of his right to collaterally attack his conviction under § 2255 was unknowing or involuntary.  "A defendant's waiver of [his] right to appeal is not informed if the defendant does not know the possible consequences of [the] decision."  *Baty*, 980 F.2d at 979.  Determining whether a defendant understands the consequences of his guilty plea and waives his appeal knowingly and voluntarily does not require the court to ensure that the defendant's comprehension is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea."  *Boyd*, 2007 WL 900949 at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002); *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993)).  First, by signing the plea agreement, Defendant acknowledged that he had reviewed it

with counsel and understood its terms, including the provision in paragraph ten that he would not appeal or collaterally attack his conviction. [Cr. Dkt. No. 19 at 7].  In doing so, he also acknowledged that he had entered into the agreement voluntarily and knowingly.  [*Id.*, ¶ 17]. Moreover, during the Rule 11 hearing, the Magistrate Court admonished Sias as to the terms of his plea agreement.  The Court asked Sias if he reviewed his plea agreement with his counsel. [R. Rec. at 10:08 a.m.].  Sias replied affirmatively.  [*Id.*].  The Court further admonished Sias that any sentencing recommendation was not binding on the Court.  [*Id.* at 10:09 a.m.].  While the Court did not specifically inform Sias that he could not collaterally attack his conviction, as it should have done under Rule 11(b)(1)(N), the Magistrate Judge did ask Sias if he understood that, under the plea agreement, he could not appeal his conviction.  [*Id.* at 10:10 a.m.]. Specifically, the Court explained:  "[y]ou have waived your right to an appeal, but in exchange for that waiver, each of you has been granted an additional one level off in your sentencing guideline range.  Do you understand that waiver of appeal?"  [*Id.* at 10:09-10:10 a.m.].  Sias replied affirmatively.  [*Id.* at 10:10 a.m.].  Indeed, Sias never expressed doubt or confusion as to the consequences of his waiver.

When a petitioner does not allege, and the record contains no indication that ratification of the plea agreement was involuntary or unknowing, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver was ineffective.  *See White*, 307 F.3d at 343; *Bond*, 414 F.3d at 544 (citing *McKinney*, 406 F.3d at 746); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994) (stating that a plea agreement will be upheld where the record clearly demonstrates defendant read and understood agreement and he raised no questions regarding any waiver-of-appeal issue).  Therefore, based upon the plain waiver language of Sias's plea agreement, the Court concludes that Sias knowingly and voluntarily

waived his right to appeal and to collaterally attack his sentence and conviction.  *See Bond*, 414 F.3d at 544; *see also United States v. Wilkes*, 20 F.3d 651, 653-54 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

### 2.   Whether the Court informed Sias as to the nature and consequences of his plea

Sias additionally contends that his guilty plea was unlawfully induced because he was not informed of the nature and consequences of his plea.  For a plea to be knowing and voluntary, a "defendant must be advised of and understand the consequences of the [guilty] plea."  *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992).  The Fifth Circuit has identified three core concerns in a plea proceeding, including: (1) absence of coercion; (2) full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea.  *Gracia*, 983 F.2d at 627-28.  After placing Sias under oath, Judge Arce-Flores informed Sias that he was being charged with illegal transportation of undocumented aliens for purposes of commercial or private financial gain with the use of a motor vehicle.  [R. Rec. at 10:01 a.m.].  Thereafter, Sias acknowledged that he understood the charges against him.  Additionally, Judge Arce-Flores specifically admonished Sias that by entering a plea of guilty he was exposing himself to a maximum of ten (10) years of imprisonment.  Sias acknowledged that he understood the maximum penalty he faced.

As stated, Judge Arce-Flores also admonished Sias that, under the terms of the plea agreement, the Government would recommend a one-level reduction in exchange for his waiver of appeal.  Sias then acknowledged that he understood he was waiving his right to appeal. Moreover, Judge Arce-Flores explained that the penalty would be determined based on the presentence report.

Additionally, prior to accepting the plea, Judge Arce-Flores informed Sias about his trial rights.  [R. Rec. at 10:10 a.m.].  Sias was informed that he had a right to plea not guilty and request a trial by jury; that by pleading not guilty the Government had to prove its case beyond a reasonable doubt by presenting evidence and witnesses against him; and that Sias had a right to have counsel represent him throughout the proceedings.  [*Id*. at 10:10-10:11 a.m.].  Judge Arce-Flores then asked if Sias understood his rights, and Sias replied affirmatively.  [*Id*. at 10:11 a.m.].  She then asked if Sias wanted to go forward with a plea of guilty and Sias answered affirmatively.  [*Id*.].

After the Government read the factual basis of the case, Judge Arce-Flores asked Sias how he was pleading.  Sias answered "guilty, your honor."  [*Id*. at 10:23 a.m.].  Subsequently, Judge Arce-Flores accepted Sias's plea of guilty.  [*Id*.].

The record thus indicates Sias's sworn statements before Judge Arce-Flores preclude his claim that he was not informed of the nature and consequences of his plea.  Stated under oath and in open court, Sias's sworn statements carry a strong presumption of verity.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).  Sias represented both that he understood the charges against him and the consequences of his plea.  Nothing in Sias's testimony suggests his plea was not knowing or involuntary, as he now alleges.  The Court thus finds that Sias's claim as to this issue also fails.

Having concluded that Sias waived his right to collaterally attack his sentence, the Court must next determine whether the terms of Sias's plea agreement extend to the current petition. As stated, a defendant may circumvent a waiver of appeal and claim ineffective assistance of

counsel only if he alleges that counsel's ineffective assistance directly affected the validity of that waiver or the plea itself.  *White*, 307 F.3d at 343.  Accordingly, the Court will address the merits of Sias's § 2255 motion to the extent he argues ineffective assistance of counsel affected the validity of his plea.  All other arguments presented in Sias's § 2255 motion are precluded by his waiver; the Court will therefore not address Sias's claim that he did not violate the terms of his supervised release, nor his conclusory claim that "[f]acts were not developed."  Accordingly, the Court turns to address whether Sias received ineffective assistance of counsel, and if so, whether counsel's performance affected the validity of Sias's plea.

### C.    Whether Sias Received Ineffective Assistance of Counsel

In order to merit post-conviction relief due to ineffective assistance of counsel, Sias must demonstrate that (1) counsel's performance was deficient and (2) that he suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994) (summarizing the *Strickland* standard of review).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *See Strickland*, 466 U.S. at 687; *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) (finding that "[f]ailure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim . . . .").  Thus, a court does not have to analyze both components of a claim of ineffective assistance of counsel if the movant has made an insufficient showing as to one prong.  *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam).

Under the "performance" prong, counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-91.  In assessing whether counsel's performance was constitutionally deficient, "a court must indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  A court is not to analyze counsel's actions in hindsight but rather to judge his or her decisions in a "highly deferential" manner. *Motley*, 18 F.3d at 1226 (citing *Strickland*, 466 U.S. at 689).

Under the "prejudice" requirement, Sias must show a reasonable probability that, but for counsel's errors, the proceeding's result would have been different.  *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong.  Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Crane v. Johnson*, 178 F.3d 309, 312-13 (5th Cir. 1999) (citing *Ransom v. Johnson,* 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

First, Sias alleges that his counsel was deficient for failing to challenge the search and seizure that led to his arrest and also that, had he been aware that he could challenge his search and seizure, he would not have pled guilty.  As an initial matter, the legality of a search is waived by the entry of a guilty plea.  *See United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002) ("A guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment."); *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant."); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (holding that searches and seizures alleged to run afoul of the Fourth Amendment are defects that defendant "waived his right to challenge when . . . he entered a knowing and voluntary guilty plea").  Nevertheless, even if Sias did not waive the legality of his arrest, the Court concludes that counsel was not deficient for failing to challenge the search and seizure that resulted in Sias's arrest.

During the plea hearing, the Government indicated that, if the case were to proceed to trial, it would show that on or about December 30, 2007, at approximately 8:30 am, a border patrol agent working near the Rio Grande River in Laredo, Texas saw several people run from the river to a blue motor vehicle.  [R. Rec. at 10:21 a.m.].  The agent notified other border patrol agents in a marked unit that attempted to follow the blue vehicle as it traveled from the loading area.  [*Id*.].   As the blue vehicle attempted to avoid a marked border patrol vehicle, the blue vehicle made an abrupt turn, lost control, and hit a telephone poll.  [*Id*.].   Several people were seen attempting to run from the wrecked vehicle and agents were able to apprehend four people.  [*Id*.].  Of those persons apprehended, one was identified as Sias.  [*Id*.].   After the Government recited the facts alleged, counsel stated that Sias admitted the elements of the offense and that he committed the offense for the purposes of financial compensation.  [*Id*. at 10:22 a.m.].  Sias then affirmed that there were no factual corrections.  [*Id*.].  The facts recited by the Government, and admitted by Sias, indicate that border patrol agents had probable cause to arrest Sias. Consequently, the Court concludes that counsel was not deficient for failing to raise an objection to the search and seizure of Sias that led to his arrest.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritles argument).

Second, Sias's argument that his counsel was ineffective for failing to tell him about the confidential sentencing recommendation, which was prepared prior to sentencing, is also without merit.  Federal Rule of Criminal Procedure 32(e)(3) provides that "[b]y local rule . . . the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence."  The Local Rules of the United States District Court for the Southern District of Texas provide that "[t]he officer's recommendation on the sentence shall not

be disclosed unless so ordered by the sentencing judge."  CR.L.R. 32.11.  This Court did not order disclosure at the time of sentencing; consequently, Sias cannot show that his counsel was deficient for failing to tell him about the confidential sentencing recommendation.

Third, Sias alleges that counsel was deficient for advising him that he faced a maximum of one-hundred twenty (120) months of imprisonment; instead, Sias avers that he faced only 60 months of imprisonment.   Sias's allegation is utterly without merit—counsel correctly represented that Sias faced a maximum of 120 months imprisonment.  Moreover, the record reflects that Sias entered his plea of guilty knowing that he faced this sentence.  As an initial matter, Sias's plea agreement indicates that he faced a maximum term of imprisonment of 120 months.  [Cr. Dkt. No. 19, ¶ 3].  Moreover, during the Rule 11 hearing, the Magistrate Judge personally addressed Sias and explained that he faced a maximum term of imprisonment of ten (10) years.  [R. Rec. at 10:07 a.m.].  It is clear, therefore, that Sias's counsel was not deficient in advising him that he faced a maximum term of imprisonment of 120 months.  Contrary to Sias's claim, it is apparent that his plea of guilty was not unlawfully induced for this reason.

## III.   CONCLUSION

For the reasons previously stated, Sias's § 2255 motion is **DISMISSED with prejudice**. Should Sias seek a certificate of appealability, the same is **DENIED**.  Final judgment shall issue under separate cover.

**IT IS SO ORDERED**.

DONE this 18th day of June 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE